UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAR ELAHI SIDDQUI, et al., | Case No.  16-cv-02012-JSC |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| CITY OF FREMONT, et al., | |
| Defendants. | |

Plaintiffs Abrar Siddqui and Rahila Khan bring this civil action against Defendants the City of Fremont and Leonard Powell as the Community Preservation Manager for City of Fremont. (Dkt. No. 1.)   Because Plaintiffs have repeatedly failed to respond to Defendants' motions and the Court's orders including an Order to Show Cause as to why this action should not be dismissed for failure to prosecute, the Court DISMISSES this action with prejudice.

### BACKGROUND

Plaintiffs filed this action April 17, 2016. (Dkt. No. 1.)  Shortly thereafter, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 10.) After Plaintiffs failed to file a response to the motion within the time allotted under Local Rule 7-3, the Court issued an Order directing Plaintiffs to file their opposition or statement of non-opposition by July 21, 2016.  Plaintiffs failed to do so.

The Court then issued an Order to Show Cause as to why the action should not be dismissed with prejudice for failure to prosecute pursuant Federal Rule of Civil Procedure 41(b). (Dkt. No. 19.)   Plaintiffs responded to the Order to Show Cause contending that counsel "never received notification that the responsive pleading had been filed" and was thus "unaware of the filing of the motion to dismiss." (Dkt. No. 20 at 1:26-27; 2:4-5.)  In response, the Court issued an

1    order noting that as a registered ECF user counsel would have received notice of each filing in

2    this action; however, given that Defendants had not suggested that they had been prejudiced, the

3    Court again reset the briefing schedule on the motion to dismiss.  (Dkt. No. 22.)  Five days after

4    the Order resetting the briefing schedule, Defendants filed a Motion to Strike Plaintiffs' State

5    Law Causes of Action Pursuant to California's Anti-SLAPP statute seeking attorneys' fees and

6    costs.  (Dkt. No. 23.)

7            Plaintiffs thereafter failed to file a response to either motion within the time to do so under

8    the reset deadline for the motion to dismiss and Local Rule 7-3 for the Anti-SLAPP motion.  The

9    Court thus issued a second Order to Show Cause as to why this action should not be dismissed for

10   failure to prosecute under Federal Rules of Civil Procedure 41(b).   (Dkt. No. 27.)  Plaintiffs were

11   ordered to file a written response to the Order to Show Cause by August 29, 2016 and Plaintiffs

12   and their counsel were ordered to personally appear and show cause in person on September 8,

13   2016 at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California as to why this

14   action should not be dismissed with prejudice for their repeated failure to prosecute.  Plaintiffs

15   were warned that if they failed to either respond to this Court's Order or appear on September 8,

16   2016 this action may be dismissed for failure to prosecute and Plaintiffs' counsel will be referred

17   to the Northern District's Standing Committee on Professional Conduct pursuant to Local Rule

18   11-6(a). [1]  Plaintiffs neither filed a written response to the Order to Show Cause nor did they or

19   their counsel appear as ordered for the hearing on September 8.  Instead, at 3:06 a.m. on the

20   morning of the hearing, Plaintiffs filed what purports to be an opposition to the Rule 12(b)(6)

21   motion to dismiss—an opposition that was due on August 11(after the Court had twice extended

22   the deadline).  (Dkt. No. 29.)  The filing makes no reference to either its tardiness or the Order to

23   Show Cause.

24                                  **DISCUSSION**

25           Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for

26

27   _____

     [1] This Order was electronically served on Plaintiffs' counsel and served by mail at the address on
28   file with the Court: Brian Kemp Hilliard, Hilliard & Porrino, P.C., 3911 Harrison Street, Oakland,
     CA 94611.  (Dkt. No. 27 at 3.)

United States District Court
Northern District of California

2

failure to prosecute or to comply with a court order.  *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)).  "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted).  In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  By failing to file an opposition to the pending motions to dismiss despite being given multiple opportunities to do so, failing to respond to the Court's Order to Show Cause, and failing to appear for the Order to Show Cause hearing despite being specifically ordered to appear in person, Plaintiffs have delayed adjudication of this action.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiffs' failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions.  The Court twice extended the deadline for Plaintiffs to respond to the Rule 12(b)(6) motion to dismiss and after Plaintiffs still

failed to file an opposition to that motion or the subsequently filed motion to dismiss, the Court issued a second Order to Show Cause cautioning Plaintiffs that failure to respond would result in dismissal of this action.  (Dkt. Nos. 17, 22 & 27.)  Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.").

Under this factor, the Court also considers the strength of a plaintiff's case, if such information is available, because the harshness of a dismissal is directly proportionate to the likelihood that the plaintiff would prevail if permitted to go forward.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996).  Here, Plaintiffs sue the City of Fremont and Building Inspector Leonard Powell alleging claims for (1) violation of their Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) violation of their due process and equal protection rights under the California Constitution; (3) violation of California Civil Code Section 52.1; (4) negligence; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; and (7) negligent hiring, training, supervision, and discipline. (Dkt. No. 1 ¶¶ 16-41.)  Plaintiffs' claims arise from Defendant Powell's inspection of the premises at 40224 Blanchard Street, Fremont California and issuance of a Notice of Violation directing Plaintiffs to abate a nuisance.  (*Id*. at ¶¶ 12-13.)  Plaintiffs allege that as a result of the "improper notice of violation" they were unable to collect rents on the subject premises and forced to repeatedly take out the same permits without an explanation of "the reasons for the permits or the costs associated thereto."  (*Id*. at ¶¶ 13-14.)  Plaintiffs also allege that although they attempted to make the necessary repairs, they were told their work was incomplete.  (*Id*. at ¶ 15.)

Plaintiffs' bare factual allegations are insufficient to give rise to the claims alleged.  "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim... must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Further, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it

is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Here, Plaintiffs allege that a building inspector for the City of Fremont conducted an inspection of their rental property and "improperly" issued a notice to abate nuisance which required them to obtain permits and conduct costly repairs. These allegations are neither sufficiently specific to give Defendants "fair notice" of the alleged wrongdoing, nor do they suggest an entitlement to relief for either violation of Plaintiffs' constitutional rights or their rights under state law.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## CONCLUSION

For the reasons stated above, this action is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b). At the hearing on the Order to Show Cause, counsel for Defendants withdrew the pending motion to dismiss and Anti-SLAPP motion based on the Court's representation that this action would be dismissed for failure to prosecute. The Court will issue a separate order referring Plaintiffs' counsel, Mr. Hilliard, to the Northern District's Standing Committee on Professional Conduct.

**IT IS SO ORDERED.**

Dated: September 8, 2016

*Jacqueline Scott Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

5