BRIAN K. HILLIARD (SBN 244193)
THE HILLIARD FIRM
2603 Camino Ramon
Suite 200
San Ramon, Ca 94583
Telephone:   (925) 452-4645
Facsimile:   (510) 653-8889

Attorney for Plaintiffs
ABRAR SIDDQUI
RAHILA KHAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO)

| | |
|---|---|
| ABRAR SIDDQUI an individual, RAHILA KHAN, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FREMONT, a municipal corporation; CITY OF FREMONT COMMUNITY DEVELOPMENT DEPARTMENT; LEONARD POWELL in his capacity as COMMUNITY PRESERVATION MANAGER for CITY OF FREMONT; and DOES 1-100, inclusive; individually and in their capacities for CITY OF FREMONT<br><br>Defendants | Case No.: 16-cv-02012-JSC<br><br>NOTICE OF MOTION AND MOTION FOR RECONSIDERATION<br><br>DATE: October 31, 2016<br><br>TIME: 9:00 a.m.<br><br>Location: Courtroom F, 15th Floor<br><br>Hon. Jacqueline Scott Corley |

TO DEFENDANTS, CITY OF FREMONT, a municipal corporation; CITY OF FREMONT

COMMUNITY DEVELOPMENT DEPARTMENT; LEONARD POWELL in his capacity as

COMMUNITY PRESERVATION MANAGER for CITY OF FREMONT; and DOES 1-100,

inclusive; individually and in their capacities for CITY OF FREMONT

that on October 31, 2016 at 9:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California , in the courtroom of Judge Jacqueline Scott Corley, plaintiffs will and hereby do move the Court for a motion for reconsideration on the ground that plaintiff's counsel made errors that should not have affected the plaintiff's case in such a dire fashion. This motion is based on this Notice of Motion and Motion, the pleadings and papers filed herein and upon such other matters as may be presented to the Court at the time of the hearing.

## INTRODUCTION

This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code § 52.1 and § 51.7, and under the common law of California.  This action is against CITY OF FREMONT, and CITY OF FREMONT BUILDING INSPECTION DEPARTMENT.  On September 8, 2016, the Court dismissed this case with prejudice for Plaintiffs' failure to prosecute and errors of Plaintiff's counsel.  Because of the reasons stated below, Plaintiff's counsel requests that Plaintiffs case not be dismissed and  that Plaintiff's counsel not be referred to the Standing Committee on Professional Conduct.

### Standard of Review

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. Id. A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised

THE HILLIARD FIRM
3911 Harrison Street, Oakland, Ca 94611
Tel. (510) 653-8886; Fax (510) 653-8889

in prior briefing." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Van Skiver, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, see id.; Schlussler-Womak v. Chickasaw Tech Prod., 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),1 and Rule 60(b) motions, see Lyons v. N.M. Dep't of Corr., 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); Adams v. Anderson, 12 Fed. Appx. 910, 914 (10th Cir. 2001)(unpublished).

### Argument

**Plaintiff's Counsel Never Received Any Notifications of Filing Through The ECF of Pacer System**

As stated in the Court's order, Plaintiff's counsel never received any notifications of Defendant's filings and only learned of the Anti SLAPP motion subsequent to the deadline for the filing requirement. Counsel responded to the order to show cause with the opposition to motion to dismiss attached as an exhibit to the response. From the order, it appears that the opposition was never filed with the court. Counsel did not receive any notification as to the filing of the response to the order to show cause nor the opposition to the motion to dismiss until after August 29, 2016.

**Plaintiff's Counsel Did Not Learn That the Oppositions Had Not Been Filed and That The Anti-SLAPP Had Not Been Opposed Until After The August 29 Deadline**

THE HILLIARD FIRM
3911 Harrison Street, Oakland, Ca 94611
Tel. (510) 653-8886; Fax (510) 653-8889

After the Court's two extensions of the deadline for filing the Opposition to Motion to Dismiss, Order to Show Cause and Anti-Slapp, counsel regularly checked the court's docket, but did not see that the oppositions had not been filed. Counsel routinely checks the court docket from his cell phone, which may have led to the mistake. Plaintiff's counsel learned that the oppositions had not been filed until the evening prior to the September 8, 2016 hearing at which time he attempted to file the original opposition documents, but could not. When counsel attempted to open the original documents and re-file them, the documents would not open. Plaintiff's counsel spent the next 6 hours redrafting the documents as best he could. This led to the filing of a partial document at 3:00 a.m.

### Plaintiff's Counsel Requested To Appear Courtcall for the September 8, 2016 Hearing But Was Too Late to Receive Court Approval

Plaintiff's counsel has been practicing for 10 years and knows the importance of appearing at hearings before the court. Prior to leaving his home on the morning of September 8, counsel noticed that the traffic was unusually heavy, and his arrival time into San Francisco would be at or near the start time for court. Counsel contacted courtcall and left for the courthouse at 7:15 a.m., but was unable to appear court call and arrived at the Department at 9:11a.m. at which time the exterior doors were locked. Plaintiff had been preparing to explain to the court how unusual the errors had been in this case, with the filings and was prepared to argue both the motion to dismiss and the anti-SLAPP motion.

### The Anti Slapp Motion and Argument Against Dismissal Became Increasingly Difficult Without Additional Facts

Because of the nature of the Anti-SLAPP motion, and that the Plainitiff would remain liable for attorney's fees even subsequent to the dismissal, counsel was faced an untenable situation. On September 6, 2016, counsel received additional information from Plaintiffs in order to supplement the earlier filed opposition, which was not in fact filed. Counsel explained to his clients the liability to them under the anti-SLAPP, and what would happen if the case was

dismissed and if their motion was successful.  Counsel received several pages in opposition to the motion to dismiss and additional facts supporting the opposition, which counsel incorporated into the final document that was filed.  The problem was that much of what was given by Plaintiffs was a reiteration of the complaint, or information that would not be helpful in overcoming a motion to dismiss or prevailing over an anti-SLAPP motion given the facts in this case.  Subsequent to the filing of the anti-SLAPP motion, counsel should have discussed dismissal with opposing counsel and further with this because of the liability of the anti-SLAPP, and statute of limitations issues presented in the motion to dismiss.

## CONCLUSION

Counsel has never had so many issues with filing or response to oppositions in his 10 years of practice, and is embarrassed as to the effect this has had on this case.  Although inexcusable, counsel would have timely responded had either the email notification or mail notification had apprised him of the non-filed documents.  Counsel requests that the court take into consideration the continuous filing issues, the difficulty responding to the anti-SLAPP without liability to Plaintiff and his office move in reconsidering dismissal and referral to the bar and reconsider the order made on September 8th.

Dated: September 13, 2016                    THE HILLIARD FIRM

_____
BRIAN K. HILLIARD
Attorneys for Plaintiffs ABRIR SIDDQUI
AND RAHILA KHAN