UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAR ELAHI SIDDQUI, et al., <br> Plaintiffs, <br> v. <br> CITY OF FREMONT, et al., <br> Defendants. | Case No.16-cv-02012-JSC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** <br> Re: Dkt. No. 34 |

Plaintiffs Abrar Siddqui and Rahila Khan brought this civil action against Defendants the City of Fremont and Leonard Powell as the Community Preservation Manager for City of Fremont alleging claims under state and federal law. Because Plaintiffs repeatedly failed to respond to Defendants' motions and the Court's orders the Court dismissed the action with prejudice and referred Plaintiffs' counsel to the Northern District's Standing Committee on Professional Conduct pursuant to Local Rule 11-6(a). Plaintiffs' counsel has now filed a motion for reconsideration asking that the Court reconsider both the dismissal order and the referral order. (Dkt. No. 34.) Because the motion fails to demonstrate that reconsideration is warranted, the motion is DENIED.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a motion to reconsider may be granted when (i) the court is presented with newly discovered evidence; (ii) the court committed clear error or its initial holding was manifestly unjust; or (iii) if there is an intervening change in the controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945

(9th Cir.2003). Accordingly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal citation and quotation marks omitted).

## DISCUSSION

The deficiencies in the prosecution of this case were numerous and the Court will not belabor them here as they were set forth fully in the Court's dismissal order and referral order. (Dkt. Nos. 31 & 33.) Although Plaintiffs' counsel filed what purports to be a motion for reconsideration under Federal Rule of Civil Procedure 59(e), counsel nowhere explains why reconsideration is justified. Instead, Plaintiffs' counsel advances three primary arguments in support of his motion none of which arise under Rule 59(e): (1) he did not receive any filing notifications through ECF, (2) he attempted to appear telephonically for the Order to Show Cause hearing, but he was too late to do so, and (3) he had difficulty securing additional information from his clients. None of these arguments are availing.

First, as counsel has been repeatedly advised, as a registered ECF user and member of the bar of this Court, Plaintiffs' counsel is (1) obligated to familiarize himself with the rules governing electronic filing and the local rules generally, and (2) responsible for monitoring the docket in cases for which he is counsel of record. In the motion for reconsideration, counsel reiterates his claim that he has not received notifications of filings in this case. These statements are not credible. For electronically filed cases such as this, notice of each filing is automatically generated by the ECF system and sent to the registered attorneys for all parties in the case and that notice constitutes service on the receiving party. *See* Civ. L.R. 5-1(h)(1). Even if counsel's statements regarding non-receipt were credible, once he became aware of such issues in July he should have sought to rectify them.[1]

Second, the Court's third and final Order to Show Cause ordered that both Plaintiffs and Plaintiffs' counsel personally appear for the Order to Show Cause hearing. (Dkt. No. 27.)

---

[1] Counsel first claimed to have not received notice of filings in his response to the Court's July 25, 2016 Order to Show Cause. (Dkt. No. 20.)

2

Counsel's morning-of request to instead appear telephonically via Court Call violates (1) the Order to Show Cause, (2) Local Rule 7-1(b) which requires a judge's permission to appear telephonically, and (3) this Court's Standing Order which requires any such request to be made in writing three days in advance of the hearing. It also fails to address his clients' non-appearance and leaves the Court to speculate as to whether they were even advised of the requirement that they appear.

Third and finally, counsel indicates that he had difficulty obtaining information from his clients to allow him to respond to Defendants' motion to dismiss and anti-SLAPP motion. Counsel's attempt to shift the blame to his clients for failing to respond to the Court's Orders and Defendants' motions is troubling to say the least. The Court is even more troubled, however, by counsel's request that the Court reinstate this action while at the same time noting that once he received the motions he "should have discussed dismissal with opposing counsel . . . because of the liability of the anti-SLAPP, and statute of limitations." (Dkt. No. 34 at 5:6-7.) Thus, despite apparently recognizing weaknesses in Plaintiffs' claims, counsel seeks to reinstate these claims which would again leave Plaintiffs vulnerable to an anti-SLAPP judgment which they alone would bear the responsibility for satisfying.[2]

In sum, the motion for reconsideration makes no attempt to satisfy the requirements of Rule 59(e) and instead appears aimed at having the Court reconsider the referral of Plaintiffs' counsel to the standing committee offering various excuses for counsel's behavior in this action. Counsel can raise these with the standing committee. The motion is DENIED.

This Order disposes of Docket No. 34. This Order shall also be forwarded to the standing committee.

**IT IS SO ORDERED.**

Dated: October 6, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] Counsel makes this request even after Defendants' counsel agreed to withdraw the pending motions when the Court stated that the action would be dismissed for failure to prosecute.

3